IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| BRANDON HARPER, #282 830, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:20-CV-141-RAH |
| | ) | [WO] |
| ARTEMAS HOLLOWAY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, Brandon Harper ("Harper"), an inmate incarcerated at the Easterling Correctional Facility, brings this *pro se* 42 U.S.C. § 1983 action alleging "staff voyeurism" and claiming the named defendants have placed multiple hexes on him, talk to him in his head, sexually harass him, and violate his privacy because they are literally inside him.  Harper names as defendants Artemas Holloway, an instructor at the Ingram State Technical College, along with Sergeant Calvin, Lieutenant Brassfield, and Correctional Officer Tillman, who are or were employed at the Staton Correctional Facility. For relief, Harper seeks damages and requests criminal charges be brought against the named defendants and that they be taken into custody.[1] Upon review, the court concludes this case is due to be summarily dismissed prior to service of process under 28 U.S.C. § 1915(e)(2)(B)(i).

---

[1] The court notes a  "private citizen lacks a judicially cognizable interest in the prosecution or non-prosecution of another."  *Linda R. S. v. Richard D.*, 410 U.S. 614, 619 (1973); *Nelson v. Skehan*, 386 F. App'x 783, 786 (10th Cir. 2010) (holding that plaintiff has no constitutional right to have a defendant prosecuted).

# I.  DISCUSSION

## A.    Standard of Review Under 28 U.S.C. § 1915(e)(2)(B)

Because Harper is proceeding *in forma pauperis* (Doc. 3), the court reviews his complaint under 28 U.S.C. § 1915(e)(2)(B).[2] Under § 1915(e)(2)(B), a court must dismiss a complaint proceeding *in forma pauperis* if it determines that an action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant immune from such relief. A claim is frivolous when it "has little or no chance of success," that is, when it appears "from the face of the complaint that the factual allegations are clearly baseless or that the legal theories are indisputably meritless." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993). A claim is frivolous if it "lacks an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A claim is frivolous as a matter of law where, among other things, the defendants are immune from suit, *id*. at 327, the claim seeks to enforce a right that clearly does not exist, *id*., or an affirmative defense would defeat the claim such as the statute of limitations, *Clark v. Georgia Pardons & Paroles Bd*., 915 F.2d 636, 640 n.2 (11th Cir. 1990).  Courts are accorded "not only the authority to dismiss [as frivolous] a claim based on indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."  *Neitzke*, 490 U.S. at 327.

A complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."  *Hishon v. King & Spalding*,

---

[2] The predecessor to this section is 28 U.S.C. § 1915(d). Even though Congress made many substantive changes to § 1915(d) when it enacted 28 U.S.C. § 1915(b)(2)(B), the frivolity and the failure to state a claim analysis contained in *Neitzke v. Williams*, 490 U.S. 319 (1989), was unaltered. *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001); *Brown v. Bargery*, 207 F.3d 863, 866 n.4 (6th Cir. 2000). However, dismissal under § 1915(e)(2)(B) is now mandatory. *Bilal*, 251 F.3d at 1348-49.

2

467 U.S. 69, 73 (1984) (*citing Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). A review on this ground is governed by the same standards as dismissals for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Jones v. Bock*, 549 U.S. 199, 215 (2007). To state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). To state a claim for relief that is plausible, the plaintiff must plead factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The allegations should present a "'plain statement' possess[ing] enough heft to 'show that the pleader is entitled to relief.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,  557 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 678. When a successful affirmative defense, such as a statute of limitations, appears on the face of a complaint, dismissal for failure to state a claim is also warranted. *Jones*, 549 U.S. at 215.

*Pro se* pleadings "are held to a less stringent standard than pleadings drafted by attorneys" and are liberally construed. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006).  However, they "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. And a court does not have "license . . . to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." *GJR Investments v. County of Escambia, Fla*., 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Iqbal*, 556 U.S. 662 (2009). While, the court treats factual allegations as true, it does not treat as true conclusory assertions or a recitation of a cause of action's elements. *Iqbal*, 566 U.S. at 681. And the court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Neitzke,* 490 U.S. at 328. Finally, a *pro se* litigant "is subject to the relevant law and rules of court

including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

**B.     The Complaint**

Harper was incarcerated at Staton for almost three years prior to his recent transfer to Easterling. Defendants Calvin and Brassfield, who are or were correctional officers employed at Staton, are believed by Harper to be bisexual. Harper alleges these two defendants have placed multiple hexes on him and "are literally on the inside of [him] making bisexual statements [and] violating all of [his] privacy." Doc. 1 at 4. Harper further states Defendants Calvin and Brassfield constantly call his name, beg him to correspond with them, and threaten to mess with his brain if he continues writing letters "trying to tell on them." *Id.* Defendant Holloway, Harper claims, also has a placed a hex on him and complains "they . . . change [his] information out the[re] at Ingram State Technical College" and "change [it] back to its correct form when someone is investigating." *Id.* at 5. Harper contends his privacy is violated daily by "these sick perverted individuals" who seem to see everything he sees through his own eyes, and he complains he "can hear someone else breathing as if they [are] on the inside of [him]." *Id.*

A complaint under 42 U.S.C. § 1983 focuses on two essential elements: (1) whether a person engaged in the conduct complained of was acting under color of state law; and (2) whether the alleged conduct deprived a person of rights, privileges, or immunities guaranteed under the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527 535 (1981), *overruled on other grounds by, Daniels v. Williams*, 474 U.S. 327 (1986). After carefully reviewing Harper's complaint, the court finds his allegations against the named defendants present no comprehensible or logical set of facts to support any claim for relief.  Rather, the claims presented by Harper are delusional and bizarre assertions about hexes placed on him by correctional officers and a trade

school instructor who have the ability to see what he sees because they are "literally on the inside of [him]." He claims to "literally feel bubbles and slimy goo like stuff and hear it in [his] head." Doc. 1 at 4.

To the extent any factual contentions by Harper are identifiable, they are "fantastic or delusional." *Neitzke*, 490 U.S. at 328. Because Harper's complaint presents wholly incredible allegations devoid of any intelligible cause of action regarding any alleged violation of his constitutional rights, the court concludes the complaint is due to be dismissed under 28 U.S.C. §1915(e)(2)(B)(i). *Denton v Hernandez*, 504 U.S. 25 (1992); *Neitzke*, 490 U.S. 327.

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge this case be DISMISSED with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i).

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before **March 23, 2020**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. This Recommendation is not a final order and, therefore, it is not appealable. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR.

R. 3-1.  *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 9th day of March, 2020.


/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
CHIEF UNITED STATES MAGISTRATE JUDGE